IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD YOUNG,        )<br>            Plaintiff,     )<br>                               )<br>     vs.                        )<br>                               )<br>JEFFREY BEARD; CATHERINE C.     )<br>MCVEY; DAVID GOOD,;CAROL SCIRE, )<br>JAMES META; TOM MORANT and      )<br>JOAN DELIE; EUGENE GINCHEREAU;  )<br>EDWARD V. SWIEREZEWSKI;         )<br>KENNETH LENTZ; and THOMAS       )<br>KRACZON,                        )<br>            Defendants.    )   | Civil Action No. 04-407<br>Judge Joy Flowers Conti /<br>Magistrate Judge Lisa Pupo Lenihan |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.   **RECOMMENDATION**

It is respectfully recommended that the Motion to Dismiss Plaintiff's Complaint or, in the alternative, for Summary Judgment filed by Defendants Ginchereau, Swierezewski and Lentz (doc. no. 59) be granted.

II.  **REPORT**

Plaintiff, Richard Young, commenced this action pursuant to the provisions of the Civil Rights Act of 1871, 42 U.S.C. § 1983 (Section 1983). Plaintiff is proceeding against the following Defendants in their individual capacities: Jeffrey Beard, Secretary of the Pennsylvania Department of Corrections (DOC); Catherine McVey, Director of Healthcare Services at DOC; David Good, Deputy Warden; Carol Scire, Grievance Coordinator; James Meta, Food Services Supervisor; Tom Morant, Cook Supervisor; Joan Delie, Medical Administrator; Eugene Ginchereau, M.D.; Edward

Swierezewski, M.D.; Kenneth Lentz, M.D.[1]  In his Complaint, Plaintiff alleges that Defendants violated his rights as protected by the Eighth and Fourteenth Amendments of the United States Constitution as a result of alleged denial of adequate medical treatment while he was confined at the State Correctional Institution at Pittsburgh, Pennsylvania (SCIP).

### A. Standards of Review

Presently pending before the Court is the Motion to Dismiss Plaintiff's Complaint or, in the alternative, for Summary Judgment filed by Defendants Ginchereau, Swierezewski and Lentz (hereinafter referred to as the Medical Defendants).  Pursuant to Fed. R. Civ. Proc. 12(b)(6), a motion to dismiss cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  The complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true.  Estelle v. Gamble, 429 U.S. 97 (1976).[2]

Summary judgment, on the other hand, is appropriate if, drawing all inferences in favor of

---

1. Defendant Thomas Kraczon, D.P.M. was dismissed from this action on May 11, 2005 (doc. no. 69).

2. In addition, courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in considering a motion to dismiss under Rule 12(b)(6).  Pryor v. National Collegiate Athletic Ass'n., 288 F.3d 548, 560 (3d Cir. 2002) (noting that documents that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim and may be considered by the court in deciding a motion to dismiss); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994); Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).

the non-moving party, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. Rule Civ. Proc. 56(c). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) (party can move for summary judgment by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case."). The moving party bears the initial burden of identifying evidence that demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the non-moving party must set forth ". . . specific facts showing that there is a genuine issue for trial . . ." or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

     The Medical Defendants attached evidence in support of their pending motion. In his response, Plaintiff attached additional evidence. If matters outside the pleadings are presented in a motion to dismiss and are not excluded by the court, the motion shall be treated as one for summary judgment and all parties shall be given reasonable opportunity to present all pertinent materials to such a motion. All parties in this action have been given ample opportunity to present any and all materials pertinent to their claims. Accordingly, the Court will treat the pending motion as a motion for summary judgment under Fed. Rule Civ. Proc. 56. *See* Scott v. Graphic Communications International Union, Local 97-B, 92 Fed.Appx. 896, 903, 2004 WL 516164, *5 (3d

3

Cir. 2004) (holding that district court was not required to give notice to plaintiff that court was converting defendants' motions to dismiss into motions for summary judgment; motion was captioned as a motion to dismiss, or in the alternative, for summary judgment, thus, plaintiff had notice that the district court might consider the motions as motions for summary judgment and the plaintiff had nine months to respond to the motions and did not object to the submission of affidavits or other exhibits filed with the motions); Hilfirty v. Shipman, 91 F.3d 573, 579 (3d Cir. 1996) (same).

### B. Plaintiff's Allegations

Plaintiff alleges that in May of 1998, while he was confined at SCIP, he was diagnosed with Type II diabetes and cardiac medical problems. After that time, Plaintiff was prescribed diabetic and cardiac diet food trays. On April 22, 2002, Plaintiff was transferred to the Restricted Housing Unit (RHU) at SCIP where he remained until his transfer to the State Correctional Institution at Fayette on February 4, 2004. During that time period, Plaintiff alleges that his diet trays were loaded with sugar packets, sugared pastries, sugared fruit drinks, whole milk products, chocolate chip and peanut butter cookies, cakes, and other foods that were contra indicated with respect to his diabetic/cardiac condition. He further claims that his cardiac diets contained harmful foods high in grease, oil and fats such as sausage, red meats, ground meats, and reprocessed ground meats, which were covered in grease, oil and fat. Also, his meals contained fried potatoes or mashed potatoes that were covered in butter or greasy gravy.

While he was confined in the RHU, Plaintiff received his food via food bags that were prepared by SCIP inmates. Plaintiff alleges that these inmates took the "good foods" like the tuna fish and the fruit out of the bags and traded them for contraband items such as cigarettes. He further

complains that his meals were served cold and partially uncooked.

Plaintiff alleges that the medical department did not take regular blood sugar readings while he was confined in the RHU, *e.g.*, his blood sugar was checked only 25 times during the 22 months he was confined in the RHU. In addition, he asserts that the Medical Defendants should have insured that he received his medically-prescribed diet trays and should have made sure that a certified diabetic-cardiac dietician was hired. He further complains that the Medical Defendants permitted other inmates infected with HIV to prepare and handle his food trays at SCIP. Finally, he claims that the Medical Defendants never reviewed his medical records and should have tested his blood glucose and cholesterol levels on a daily basis.

### C. Liability Against the Medical Defendants

Plaintiff seeks to assert liability against the Medical Defendants pursuant to Civil Rights Act, 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

As a convicted, sentenced prisoner, Plaintiff's claim concerning his medical treatment invokes the protections of the Eighth Amendment, as applied to the states through the Fourteenth Amendment. In order to make out a prima facie case that a prison official's actions violate the Eighth Amendment's prohibition against cruel and unusual punishment, an inmate must show two elements. First, a prisoner must show that the condition, either alone or in combination with other

conditions, deprived him of "the minimal civilized measure of life's necessities," or at least a "single, identifiable human need." Wilson v. Seiter, 501 U.S. 294 (1991) (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  Second, an inmate must demonstrate deliberate indifference to prison conditions on the part of prison officials.  Farmer v. Brennan, 511 U.S. 825 (1994).

In the context of an alleged denial of adequate medical treatment, an inmate must show two elements to demonstrate a violation of his rights as protected by the Eighth Amendment:  1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need.  *Id*.  The first element requires a plaintiff to demonstrate a medical need that is objectively "sufficiently serious."  A medical need is "serious" if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person easily would recognize the necessity for a doctor's attention.  Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988).

The second element requires a plaintiff to demonstrate that officials subjectively acted with a sufficiently culpable state of mind.  In this regard, a plaintiff must demonstrate that a defendant's acts constituted "an unnecessary and wanton infliction of pain" or were "repugnant to the conscience of mankind."  Gamble, 429 U.S. at 105-106.  With respect to claims for inadequate medical treatment, defendants may exhibit deliberate indifference by intentionally denying or delaying access to medical care, or by intentionally interfering with the treatment once prescribed.  *Id*.  However, an inadvertent failure to provide adequate medical care does not evidence deliberate indifference.  *Id*.  Furthermore, while an intentional refusal to provide any medical treatment to an inmate suffering from a serious medical need manifests deliberate indifference and is actionable

6

under the Eighth Amendment, the Eighth Amendment does not require that a prisoner receive every medical treatment that he requests or that is available elsewhere. A disagreement as to the appropriate choice of medical treatment does not give rise to a constitutional violation; the right to be free from cruel and unusual punishment does not include the right to the treatment of one's choice. Young v. Quinlan, 960 F.2d 351, 358 n.18 (3d Cir. 1992) (an inmate's disagreement with prison personnel over the exercise of medical judgment does not state a claim for relief under section 1983); White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).

In the case at bar, Plaintiff claims that he did not receive adequate medical care for his Type II diabetes and a rash in his groin area. While it is clear that Type II diabetes is a serious medical condition, the same cannot be said for his alleged skin rash. A plaintiff alleging constitutionally inadequate medical treatment must submit medical evidence of a "serious medical need" sufficient to satisfy the objective component of the test. Boring v. Kozakiewicz, 833 F.2d 468 (3d Cir. 1987), *cert. denied*, 485 U.S. 991 (1988). In Boring, the Court of Appeals for the Third Circuit determined that, because plaintiffs failed to produce expert testimony that their injuries were "serious," they failed to meet their burden of proof. The court explained that expert testimony would not necessarily be required in situations where the seriousness of injury or illness would be apparent to a lay person, *e.g.*, a gunshot wound. Boring, 833 F. 2d at 473 (citing City of Revere v. Massachusetts General Hosp., 463 U.S. 239 (1983)). With respect to an ulnar nerve injury and migraine headaches, however, the Court concluded that a fact finder would not be able to determine that the condition was "serious" because the need for treatment did not appear to be "acute." *Id*. With respect to a scalp condition and complaints about dental care, the Court found that the complaints merely reflected a disagreement over the proper method of treatment. In so concluding,

the Court noted that "courts will not 'second-guess the propriety or adequacy of a particular course of treatment [which] remains a question of sound professional judgment.'" *Id*. (quoting Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979)).  Finally, with respect to a prior knee injury, the Court found that the evidence did not establish an acute condition.

> As laymen, the jury would not be in a position to decide whether any of the conditions described by plaintiffs could be classified as "serious." In these circumstances, the district court properly required expert medical opinion and in its absence properly withdrew the issue from the jury.

Boring, 833 F.2d at 474 (citations omitted).

Here, Plaintiff has not included any evidence to substantiate the existence of any serious medical need with regard to his skin rash. Although the Court does not dispute the fact that Plaintiff suffers from diabetes, there is no evidence that the alleged rash is due to his diabetic condition. Moreover, there is no medical evidence to support his contention that he should have received any different treatment for his rash. As with the medical complaints in Boring, a lay person would not be able to conclude from Plaintiff's allegations that he suffered from a "serious medical need" sufficient to invoke the Gamble standard without expert testimony or evidence.

Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Johnson v. Horn, 150 F.3d 276, 283 (3d Cir. 1998); Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190 (3d Cir. 1995) ("When the movant has produced evidence in support of his motion, the non-movants cannot rest on their pleadings, but must come forward with enough evidence to create a material issue of fact."). Plaintiff has failed to meet his burden of

demonstrating a genuine issue of fact about whether he was suffering from a serious medical need that posed a substantial risk of serious harm with regards to his skin rash. Because evidence of this nature is required in order for an inmate's claim to succeed, Plaintiff's failure to meet this burden is fatal to his case.[3]

Even if the court were to conclude that Plaintiff had demonstrated the existence of a serious medical need, he has failed to demonstrate that any of the Medical Defendants was deliberately indifferent to it. The "deliberate indifference" standard for purposes of liability under section 1983 is a stringent standard of fault requiring proof that a defendant disregarded a known or obvious consequence of his action. Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397, 410 (1997). The defendant must be both aware of facts from which the inference could be drawn that a substantial harm exists and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). An official is not deliberately indifferent if "he fails to alleviate a significant risk that he should have identified." *Id*. Moreover, deliberate indifference to a serious medical need of a prisoner is distinguishable from a negligent diagnosis or treatment of a medical condition; only the former conduct violates the Eighth Amendment. Medical malpractice may give rise to a tort claim in state court but does not necessarily rise to the level of a federal constitutional violation.

---

3. *Accord* Sherrer v. Stephens, 50 F.3d 496, 497 (8th Cir. 1995) (inmate failed to submit sufficient evidence that defendants ignored an acute or escalating situation or that delays adversely affected his prognosis, given the type of injury in this case); Beyerbach v. Sears, 49 F.3d 1324 (8th Cir. 1995) (inmate failed to present any verifying medical evidence to establish the objective component of his claim); Hill v. Dekalb Regional Youth Detention Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994) (an inmate complaining that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to succeed); Lopez v. Robinson, 914 F.2d 486, 490 (4th Cir. 1990) (to objectively determine whether a "serious deprivation" of a basic human need has occurred (*i.e.*, whether prison conditions to rise to the level of unconstitutional punishment), there must be evidence of a serious medical and emotional deterioration attributable to the challenged condition).

9

Kost v. Kozakiewicz, 1 F.3d 176, 185 (3d Cir. 1993); Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993).

The Supreme Court explained the difference between negligence and constitutional claims in Estelle v. Gamble, 429 U.S. 97, 104 (1978). In that case, the prisoner, Gamble, was injured when a bale of cotton fell on him while he was unloading a truck. He went to the unit hospital where a medical assistant checked him for a hernia and sent him back to his cell. He returned to the hospital where he was given pain pills by an inmate nurse and then was examined by a doctor. The following day, his injury was diagnosed as a lower back strain; he was prescribed a pain reliever and a muscle relaxant. Over the course of several weeks, Gamble was seen by several doctors who prescribed various pain relievers and provided him with medical work excuses. Ultimately, despite his protests that his back hurt as much as it had the first day, medical staff certified Gamble to be capable of light work. During the next two months, Gamble received a urinalysis, blood test, blood pressure measurement, and pain and blood pressure medication. Subsequently, a medical assistant examined Gamble and ordered him hospitalized for treatment of irregular cardiac rhythm.

The Supreme Court held that Gamble's allegations failed to state a claim upon which relief could be granted against the defendant, both in his capacity as a treating physician and as the medical director of the Corrections Department.

> Gamble was seen by medical personnel on 17 occasions spanning a 3-month period . . .. They treated his back injury, high blood pressure, and heart problems. Gamble has disclaimed any objection to the treatment provided for his high blood pressure and his heart problem; his complaint is "based solely on the lack of diagnosis and inadequate treatment of his back injury." The doctors diagnosed his injury as a lower back strain and treated it with bed rest, muscle relaxants and pain relievers. Respondent contends that more should have been done by way of diagnosis and treatment, and suggests a number of options that were not pursued. The Court of Appeals

10

>
> agreed, stating: "Certainly an x-ray of (Gamble's) lower back might have been in order and other tests conducted that would have led to appropriate diagnosis and treatment for the daily pain and suffering he was experiencing."  <u>But the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court under the Texas Tort Claims Act</u>.

Gamble, 427 U.S. at 107 (internal citations omitted) (emphasis added).

Plaintiff's allegations, like Gamble's, do not state a constitutional violation, a prerequisite for recovery under 42 U.S.C. § 1983. In this regard, attached to Defendants' Motion are Plaintiff's medical records, which consist of over one hundred pages of documented medical treatment provided to Plaintiff. These records show that the Medical Defendants routinely examined Plaintiff while he was confined at SCIP and closely monitored his medical conditions. As Defendants point out, the medical records evidence that, with regards to his "jock itch," medical treatment was ordered for Plaintiff in April, May, August, and October of 2002, February, August, October and November of 2003 and January of 2004. With regard to his Type II diabetes, medication and treatment was provided to Plaintiff on a regular basis throughout his confinement at SCIP. Contrary to his assertions, his blood glucose levels regularly were monitored and he was given medication and treatment accordingly. In short, Plaintiff's subjective complaints do not correlate with the objective standards for the treatment of his TYPE II diabetes condition. Plaintiff has not provided any evidence to the contrary. On these facts, no reasonable jury could conclude that the Medical Defendants were deliberately indifferent to Plaintiff's needs or that they consciously disregarded a substantial risk of serious harm to Plaintiff. Like the prisoner Gamble, the Plaintiff's allegations merely show that he disagreed with some of the medical decisions being made with respect to his

treatment. However, he has failed to offer any evidence to show that his medical treatment was substandard in any way.

In short, the record simply does not demonstrate deliberate indifference for purposes of asserting an Eighth Amendment violation against the Medical Defendants. *See* Young v. Quinlan, 960 at 358 (3d Cir. 1992) (district court properly granted summary judgment where no rational trier of fact could reasonably conclude that the defendants were deliberately indifferent to plaintiff's medical needs); Torraco v. Maloney, 923 F.2d 231, 234 (1st Cir. 1991) (where there is no evidence of treatment so inadequate as to shock the conscience, let alone that any deficiency was intentional or evidence of acts or omissions so dangerous that a defendant's knowledge of a large risk can be inferred, summary judgment is appropriate).[4]

As to Plaintiff's claims concerning his food trays, the record evidence shows that Medical Defendants did not have any control over the preparation and service of food at SCIP. *See* Affidavits from each of the Medical Defendants as well as the DOC Food Service Policy, attached as Exhibits C, D, E, and F of Defendants' Motion, doc. no. 59. Plaintiff has not set forth any evidence to the contrary. Thus, summary judgment should be granted as to Plaintiff's claims against the Medical Defendants.

### III.  CONCLUSION

It is respectfully recommended that the Motion to Dismiss Plaintiff's Complaint or, in the alternative, for Summary Judgment filed by Defendants Ginchereau, Swierezewski and Lentz

---

4. *See also* Banuelos v. McFarland, 41 F.3d 232 (5th Cir. 1995) (a disagreement between an inmate and his physician concerning whether certain medical care was appropriate is actionable under section 1983 only under exceptional circumstances); Monmouth, 834 F.2d at 346 (deliberate indifference may be shown only where prison officials have actual knowledge of the need for treatment, yet intentionally refuse to provide any appropriate care).

(doc. no. 59) be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and ©), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

    /s/Lisa Pupo Leihan
LISA PUPO LENIHAN
U.S. Magistrate Judge

Dated  December 5, 2005

cc:    Joy Flowers Conti
       United States District Judge

       RICHARD YOUNG
       EP-8117
       SCI Fayette
       Box 9999
       LaBelle, PA 15450-0999

       Craig E. Maravich
       Office of the Attorney General
       564 Forbes Avenue
       6th Floor, Manor Complex
       Pittsburgh, PA 15219

       Susan J. Forney
       Office of Attorney General
       Fifth Floor, Manor Complex
       564 Forbes Avenue
       Pittsburgh, PA 15219

       Elizabeth M. Yanelli
       Pietragallo, Bosick & Gordon

One Oxford Centre
38th Floor
Pittsburgh, PA 15219

John W. Zotter
Joseph F. Butcher
Zimmer Kunz
600 Grant Street
3300 USX Tower
Pittsburgh, PA 15219