IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD YOUNG, | ) | |
| Plaintiff, | ) | Civil Action No. 04-407 |
| | ) | Judge Joy Flowers Conti / |
| vs. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| JEFFREY BEARD; CATHERINE C. | ) | |
| MCVEY; DAVID GOOD,;CAROL SCIRE, | ) | |
| JAMES META; TOM MORANT and | ) | |
| JOAN DELIE; EUGENE GINCHEREAU; | ) | |
| EDWARD V. SWIEREZEWSKI; | ) | |
| KENNETH LENTZ; and THOMAS | ) | |
| KRACZON, | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I.  **RECOMMENDATION**

It is respectfully recommended that the Motion for Summary Judgment (doc. no. 121) filed by Defendants Beard, McVey, Good, Scire, Meta, Morant and Delie (hereinafter referred to as the Commonwealth Defendants) be granted as to Defendants Beard, McVey, Scire and Delie and denied as to Defendants Good, Meta and Morant.

II. **REPORT**

Plaintiff, Richard Young, commenced this action pursuant to the provisions of the Civil Rights Act of 1871, 42 U.S.C. § 1983 (Section 1983). Plaintiff is proceeding against the following remaining Defendants in their individual capacities: Jeffrey Beard, Secretary of the Pennsylvania Department of Corrections (DOC); Catherine McVey, Director of Healthcare Services at DOC; David Good, Deputy Warden; Carol Scire, Grievance Coordinator; James Meta, Food Services Supervisor; Tom Morant, Cook Supervisor; and Joan Delie, Medical Administrator. In his Complaint, Plaintiff alleges that these Defendants violated his rights as protected by the Eighth and

Fourteenth Amendments of the United States Constitution as a result of alleged denial of cardiac/diabetic food trays as ordered by prison medical personnel while he was confined at the State Correctional Institution at Pittsburgh, Pennsylvania (SCIP).

### A. Standard of Review

The Commonwealth Defendants have filed a Motion for Summary Judgment pursuant to Fed. Rule Civ. Proc. 56. Summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, ". . . the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Fed. Rule Civ. Proc. 56(c). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) (party can move for summary judgment by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case."). The moving party bears the initial burden of identifying evidence that demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the non-moving party must set forth ". . . specific facts showing that there is a genuine issue for trial . . ." or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). If a court concludes that "the evidence is merely colorable . . . or is not significantly probative," then summary judgment may be granted. Anderson, 477 U.S. at 249-50.

**B. Plaintiff's Factual Allegations and Material Facts**

Plaintiff alleges that in May of 1998, while he was confined at SCIP, he was diagnosed with Type II diabetes and cardiac medical problems. After that time, Plaintiff was prescribed diabetic and cardiac diet food trays. On April 22, 2002, Plaintiff was transferred to the Restricted Housing Unit (RHU) at SCIP where he remained until his transfer to the State Correctional Institution at Fayette on February 4, 2004. During that time period, Plaintiff alleges that his diet trays were loaded with sugar packets, sugared pastries, sugared fruit drinks, whole milk products, chocolate chip and peanut butter cookies, cakes, and other foods that were contra indicated with respect to his diabetic/cardiac condition. He further claims that his cardiac diets contained harmful foods high in grease, oil and fats such as sausage, red meats, ground meats, and reprocessed ground meats, which were covered in grease, oil and fat. He further complains that his meals contained fried potatoes or mashed potatoes that were covered in butter or greasy gravy.

While he was confined in the RHU, Plaintiff received his food via food bags that were prepared by SCIP inmates. Plaintiff alleges that these inmates took the "good foods" like the tuna fish and the fruit out of the bags and traded them for contraband items such as cigarettes. He further complains that his meals were served cold and partially uncooked.

**C. Liability under 42 U.S.C. § 1983**

Plaintiff's Complaint seeks to assert liability against Defendants pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451

U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

Plaintiff's only remaining claim against the Commonwealth Defendants concerns their alleged failure to have ensured that he received his medically-ordered diabetic/cardiac diet trays.[1] This claim invokes the protection of the Eighth Amendment. The Eighth Amendment's prohibition against cruel and unusual punishment guarantees that prison officials must provide humane conditions of confinement. Prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).

In order to make out a prima facie case that a prison official's actions violate the Eighth Amendment's prohibition against cruel and unusual punishment, an inmate must show two elements. First, a prisoner must show that the condition, either alone or in combination with other conditions, deprived him of "the minimal civilized measure of life's necessities," or at least a "single, identifiable human need." Wilson v. Seiter, 501 U.S. 294 (1991) (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The Supreme Court has explained that the first showing requires the court objectively to determine whether the deprivation of the basic human need was "sufficiently serious."

> [E]xtreme deprivations are required to make out a

---

1. All of the remaining Commonwealth Defendants are non-medical personnel. Because Plaintiff was under the supervision of medical personnel during the entire relevant time period, his allegations do not support a claim for the denial of adequate medical care. *See* Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir.2004) (holding that, absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference).

> conditions-of-confinement claim. Because routine discomfort is "part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation."

Hudson v. McMillan, 503 U.S. 1, 9 (1992) (citations omitted).

Second, an inmate must demonstrate deliberate indifference to prison conditions on the part of prison officials. Farmer, 511 U.S. at 833; Wilson, 501 U.S. at 297; Rhodes, 452 U.S. at 347. The second prong requires a court <u>subjectively</u> to determine whether the officials acted with a sufficiently culpable state of mind. *Id.* "[O]nly the unnecessary and wanton infliction of pain implicates the Eighth Amendment." Farmer, 511 U.S. at 834 (quotation omitted).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. . . . The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments."

Farmer, 511 U.S. at 838. Furthermore, "prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." *Id.*, 511 U.S. at 845. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.

The Commonwealth Defendants seek dismissal on the basis of lack of personal involvement. In this regard, in order to establish personal liability against a defendant in a section 1983 action, that defendant must have <u>personal</u> involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976). Accordingly,

individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986).  Personal involvement by a defendant can be shown by alleging either personal direction or actual knowledge and acquiescence in a subordinate's actions.  Rode, 845 F.2d at 1207.  *See also* Keenan v. Philadelphia, 983 F.2d 459, 466 (3d Cir. 1992); Andrews v. Philadelphia, 895 F.2d 1469, 1478 (3d Cir. 1990).

Moreover, a supervising public official has no affirmative constitutional duty to supervise and discipline so as to prevent violations of constitutional rights by his or her subordinates.  Notwithstanding, when a supervising official knowingly permits a continuing custom or policy that results in harm to the plaintiff, 1983 liability may attach.  Colburn v. Upper Darby Township, 838 F.2d 663, 673 (3d Cir. 1988), *cert. denied*, 489 U.S. 1065 (1989) (Colburn I).  In order to maintain a claim for supervisory liability, a plaintiff must show: 1) that the supervising official personally participated in the activity; 2) that the supervising official directed others to violate a person's rights; or 3) that the supervising official had knowledge of and acquiesced in a subordinates' violations.  *See* Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

Plaintiff's only remaining claim against the Commonwealth Defendants concerns their alleged failure to have ensured that he received his medically-ordered diabetic/cardiac diet trays.  With respect to Defendant Beard, Plaintiff alleges that as Secretary of DOC, he is liable because he failed to hire certified dieticians to prepare and cook diabetic and cardiac meals.  Further, he alleges that DOC's practice of allowing inmates to prepare the diabetic meals results in deliberate indifference.  Attached to Defendants' Motion is DC-ADM 610, which is DOC's policy regarding

6

food service at Pennsylvania correctional facilities. This policy indicates that DOC employs a Clinical Dietician. DC-ADM 610 § IV.F. In addition, the policy sets forth specific criteria that inmates must follow concerning food preparation and service. DC-ADM 610 § VI.C. Finally, the policy specifically provides that inmates must be medically cleared to be eligible to work in food service. DC-ADM 610 § VI.F. These provisions show that Defendant Beard can not be held liable upon the bases alleged by Plaintiff.

Moreover, neither Defendant Beard nor Defendant Scire, Grievance Coordinator, can be held personally liable based upon their actions in merely addressing Plaintiff 's grievances. See Brooks v. Beard, 167 Fed.Appx. 923, 925, 2006 WL 332547, *1 (3d Cir. Feb. 14, 2006) (holding that a state prisoner's allegation that prison officials and administrators responded inappropriately to prison grievance did not establish that the officials and administrators were personally involved in allegedly inadequate post-injury medical treatment provided to prisoner as is required under § 1983). Thus, Defendants Beard and Scire are entitled to summary judgment on the basis of lack of personal involvement.

Defendant McVey was the Director of Health Care Services during the relevant time period. Plaintiff alleges that she was responsible for setting forth the contents of the medically-approved diabetic diet trays and should have known that the food that he received contained very high levels of sugar and fat, which are contra-indicated for his medical condition. However, it appears from DC-ADM 610 that the contents of the therapeutic diet trays was the responsibility of the Department's Clinical Dietician. As Plaintiff has not alleged any other personal involvement by Defendant McVey, she is entitled to summary judgment.

Similarly, Plaintiff alleges that Defendant Delie, as Medical Administrator, was responsible

for ensuring that he received, on a daily basis, the medical treatment prescribed for him, *i.e.*, diabetic meals.  Again, DC-ADM 610 sets for the DOC policy regarding food service.  Delie, as Health Care Administrator at SCIP, had no responsibility in this area.  Consequently, she is entitled to summary judgment on the basis of lack of personal involvement.

However, the same analysis does not apply to Plaintiff's claims against Deputy Warden Good, Food Services Supervisor Meta, and Cook Supervisor Morant.  Specifically, questions of fact remain as to the following:  whether Plaintiff was ordered to receive a therapeutic diet; what food items were supposed to be included on the therapeutic diet tray, who was responsible for ensuring the therapeutic diet trays were prepared according to the dietician's orders; whether Plaintiff received a therapeutic diet tray; whether inmates swapped out the "good" foods on the therapeutic tray; and who was responsible for supervising these inmates.  Although these Defendants claim that they followed DC-ADM 610, Plaintiff alleges otherwise and complains that he did not receive a therapeutic diet tray and that his trays were materially altered by the inmates serving his foods.  Moreover, he alleges that each of these Defendants had personal knowledge of his claim, had responsibility over food service, and failed to correct the problem.  Thus, questions of material fact remain as to these Defendants.

With respect to their qualified immunity argument, these Defendants have not carried their burden of showing that DC-ADM 610 was in fact followed.  Plaintiff states it was not.  If the disputed facts are construed in Plaintiff's favor, as is required in deciding a motion for summary judgment, and Plaintiff was ordered to receive a therapeutic diet and Defendants failed to ensure that he received therapeutic diet trays unaltered, then Defendants are not entitled to qualified immunity as a reasonable officer should have known that his or her actions would be inconsistent with

Plaintiff's constitutional rights.  Defendants do not cite any law to the contrary; nor has this Court discovered any.  Thus, Defendants Good, Meta and Morant are not entitled to qualified immunity.

## III.     CONCLUSION

It is respectfully recommended that the Motion for Summary Judgment (doc. no. 121) filed by Defendants Beard, McVey, Good, Scire, Meta, Morant and Delie (hereinafter referred to as the Commonwealth Defendants) be granted as to Defendants Beard, McVey, Scire and Delie and denied as to Defendants Good, Meta and Morant.

In accordance with the Magistrates Act, 28 U.S.C.  § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

  s/Lisa Pupo Lenihan
LISA PUPO LENIHAN
U.S. Magistrate Judge

Dated  November 16, 2006


cc:     RICHARD YOUNG
        EP-8117
        SCI Fayette
        Box 9999
        LaBelle, PA 15450-0999

        Craig E. Maravich
        Office of the Attorney General
        564 Forbes Avenue

6th Floor, Manor Complex
Pittsburgh, PA 15219

Susan J. Forney
Office of Attorney General
Fifth Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

Elizabeth M. Yanelli
Pietragallo, Bosick & Gordon
One Oxford Centre
38th Floor
Pittsburgh, PA 15219

John W. Zotter
Joseph F. Butcher
Zimmer Kunz
600 Grant Street
3300 USX Tower
Pittsburgh, PA 15219