```
              IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| RICHARD YOUNG,                       )<br>                    Plaintiff    )<br>                                      )<br>         vs.                          )<br>                                      )<br>JEFFREY BEARD, Secretary of          )<br>Corrections-official-individual      )<br>capacity; CATHERINE C. MCVEY,        )<br>Director, Bureau of Health Care      )<br>Services-official-individual         )<br>capacity; DAVID GOOD, Deputy         )<br>Warden, individual capacity;         )<br>CAROL SCERI, Grievance               )<br>Coordinator-individual capacity;     )<br>JAMES META, Food Services            )<br>Supervisor-individual capacity;      )<br>TOM MORANT, Cook Supervisor,         )<br>individual capacity; JOAN DELIE,     )<br>Medical Administrator-individual     )<br>capacity; EUGENE GINCHEREAU,         )<br>Medical Doctor Director-             )<br>individual capacity; EDWARD V.       )<br>SWIEREZEWSKI, Medical Doctor-        )<br>individual-capacity;KENNETH LENTZ,   )<br>Diabetic Medical Doctor-individual   )<br>capacity; and THOMAS KRACZON,        )<br>DPM Diabetic Foot Doctor-            )<br>individual-,capacity                 )<br>                                      )<br>                    Defendants.      ) | Civil Action No. 04 - 407<br>Judge Joy Flowers Conti /<br>Magistrate Judge Lisa<br>Pupo Lenihan<br><br> Doc. No. 118 |

## ORDER

Plaintiff, Richard Young, a prisoner at SCI Fayette, brings this action pursuant to 42 U.S.C. Sec. 1983. On January 24, 2007 this Court agreed to assist Plaintiff in finding counsel to represent him in the trial of this matter. such representation would be on a *pro bono* basis, meaning without pay. This requires the clerk of court to locate a lawyer who is not only familiar

with, or willing to become familiar with, this area of the law, but also to locate a lawyer willing to volunteer his or her time to represent Plaintiff in a federal trial. This is a tremendous sacrifice and loss of potential income for counsel and locating such a person is difficult, to say the least.

The first attorney who was requested to handle the case declined. A second attorney has been located who is willing to look at it but wishes to speak with Plaintiff first. She has been trying to do that and has asked that Plaintiff put her on his call list. If she makes a determination that she is willing to accept the case she will be appointed. If not, another search will be conducted. Plaintiff needs to understand that he has no right to counsel and this appointment is at the discretion of the court and dependant upon courtesy of counsel. Therefore,

**IT IS HEREBY ORDERED**, this 1st day of March, that Plaintiff's Motion to Compel (Doc. No. 118) is **DENIED.**

**IT IS FURTHER ORDERED** that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Local Rule 72.1.3, the parties are allowed ten (10) days from the date of service to file an appeal from this order to the District Court.  Failure to timely file an appeal may constitute a waiver of any appellate rights.

s/Lisa Pupo Lenihan  
LISA PUPO LENIHAN  
U.S. Magistrate Judge

```
cc:        Richard Young
           EP-8117
           SCI Fayette
           Box 9999
           LaBelle, PA 15450-0999


           Counsel of Record
```