# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD YOUNG, | ) | |
| Plaintiff, | ) | Civil Action No. 04-407 |
| | ) | |
| vs. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| DAVID GOOD; JAMES META; and TOM MORANT, | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Plaintiff, Richard Young, commenced this action pursuant to the provisions of the Civil Rights Act of 1871, 42 U.S.C. § 1983 (Section 1983). The following Defendants remain: David Good, Deputy Warden; James Meta, Food Services Supervisor; and Tom Morant, Cook Supervisor. In his Complaint, Plaintiff alleges that these Defendants violated his rights as protected by the Eighth and Fourteenth Amendments of the United States Constitution as a result of alleged denial of cardiac/diabetic food trays as ordered by prison medical personnel while he was confined at the State Correctional Institution at Pittsburgh, Pennsylvania (SCIP). For the reasons set forth below, the Defendants' Supplemental Motion for Summary Judgment should be denied on the basis that the Plaintiff complied with available administrative remedies provided for in the Pennsylvania Department of Corrections (DOC) three-step grievance process.

**A. Standard of Review**

Presently pending is Defendants' Supplemental Motion for Summary Judgment (doc. no. 141). Summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, the pleadings, depositions, answers to interrogatories and admissions on file,

together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. Rule Civ. Proc. 56(c). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) (party can move for summary judgment by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case."). The moving party bears the initial burden of identifying evidence that demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the non-moving party must set forth ". . . specific facts showing that there is a genuine issue for trial . . ." or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The inquiry, then, involves determining " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990), *cert. denied*, 501 U.S. 1218 (1991) (quoting Anderson, 477 U.S. at 251-52).

### B. Exhaustion of Administrative Remedies

Defendants seek summary judgment against the Plaintiff on the basis of his alleged failure to have exhausted his available administrative remedies as required by the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). In this regard, through the PLRA, Congress amended 42 U.S.C. § 1997e(a) to prohibit prisoners from bringing

an action with respect to prison conditions pursuant to 42 U.S.C. § 1983 or any other federal law, until such administrative remedies as are available are exhausted. Specifically, the act provides, in pertinent part, as follows.

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The available administrative remedies for Pennsylvania inmates are codified in the Pennsylvania Department of Corrections Policy Statement No. DC-ADM 804-1, entitled "Consolidated Inmate Grievance Review System." *See, e.g.* Mitchell v. Horn, 318 F.3d 523 (2003) (discussing DOC Grievance System). The purpose of the grievance system is to ensure that "every individual committed to [DOC] custody shall have access to a formal procedure through which the resolution of problems or other issues of concern arising during the course of confinement may be sought. For every such issue, there shall be a forum for review and two avenues of appeal. The formal procedure shall be known as the Inmate Grievance System." DC-ADM 804 ¶ V. The DOC grievance system applies to all state correctional institutions and provides three levels of review: 1) initial review by the facility grievance coordinator; 2) appeal of initial review to the superintendent or regional director; and 3) final appeal to the chief hearing examiner.

Specifically, inmate grievances must be in writing and in the format provided on the forms supplied by the institution. DC-ADM 804 ¶ (VI)(A)(1)(f). An initial grievance must be submitted by the inmate to the Facility Grievance Coordinator within fifteen (15) working

days after the event upon which the claim is based. DC-ADM 804 ¶ (VI)(A)(1)(h). Specific procedures for the appeal by an inmate of an unsatisfactory decision on a grievance are also provided.

The United States Court of Appeals for the Third Circuit analyzed the applicability of the exhaustion requirement in 42 U.S.C. § 1997e in Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000) (Bivens action brought by a federal inmate) and Booth v. Churner, 206 F.3d 289 (3d Cir. 2000) (civil rights action brought by a state prisoner). In each of these cases, the Court of Appeals announced a bright line rule that inmate-plaintiffs must exhaust all available administrative remedies before they can file an action in federal court concerning prison conditions. In so holding, the court specifically rejected the notion that there is ever a futility exception to section 1997e(a)'s mandatory exhaustion requirement. Booth, 206 F.3d at 300; Nyhuis, 204 F.3d at 66. A unanimous Supreme Court affirmed the Court of Appeals' holding in Booth v. Churner, 532 U.S. 731 (2001) where the Court confirmed that in the PLRA Congress mandated exhaustion of administrative remedies, regardless of the relief offered through those administrative procedures. As stated by the Third Circuit, "it is beyond the power of this court--or any other--to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis, 204 F.3d at 73 (quotation omitted). The Supreme Court of the United States reiterated this tenet when it affirmed the Third Circuit's holding in Booth.

The failure of a prisoner to exhaust administrative remedies is an affirmative defense that must be pled and proven by the defendants. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir.2002). Moreover, the PLRA does not require exhaustion of all remedies; it requires

4

exhaustion of such administrative remedies "as are available." 42 U.S.C. § 1997e(a); Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000). An administrative remedy may be found to be unavailable where a prisoner is prevented by prison authorities from pursuing the prison grievance process. *See e.g.*, Camp, 219 F.3d at 280-81 (inmate put on grievance restriction); Brown v. Croak, 312 F.3d 109, 112 (3d Cir.2002) (inmate prevented from filing grievance by security officials who told inmate he must wait to file a grievance until the investigation was complete); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (holding administrative remedy not "available" where prison officials purportedly prevented prisoner from employing the prison's grievance system). In addition, a prisoner need not exhaust a claim if the ultimate administrative authority fully examines the inmate's complaint on the merits, regardless of whether the complaint complied with the prison grievance process or not. *See* Camp, 219 F.2d at 281. The availability of administrative remedies to a prisoner is a question of law. Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003); Ray v. Kertes, 285 F.3d at 287.

Here, Plaintiff filed the following grievances concerning the issue of food: Grievance Nos. 47639, 51731, 61328, 60154 and 52214; however, only Grievance No. 52214 was appealed to final review. Plaintiff alleges that prison officials repeatedly obstructed his ability to comply with the exhaustion requirement by repeatedly ransacking his cell and taking copies of his grievances, thus preventing him from pursuing final review. *See* Plaintiff's Motion in Opposition to Summary Judgment (doc. no. 145); Plaintiff's Response to Summary Judgment (doc. no. 105, pp. 10-11).

From the beginning of 2002 until his transfer to SCI-Fayette, Plaintiff appealed nineteen grievances to final review. Defendants' Concise Statement of Material Facts (doc. no.

142, ¶ 3, p.1). Thus, it appears that Plaintiff was well aware of the requirement to appeal his grievances to final review. This court finds that Plaintiff's allegations, plus the fact that Plaintiff fully exhausted nineteen grievances during the relevant time frame, shows that Plaintiff was aware of the requirement to file a grievance through final review and did so when he was able. It is reasonable to assume that he made every effort to appeal his grievances to final review as indicated by his grievance record. Thus, the Court finds that Plaintiff exhausted all of his available remedies in this action with respect to his grievances related to food issues notwithstanding his failure to file for final review. *Accord* Banks v. One or More Unknown Named Confidential Informants of Federal Prison Camp Canaan, 2008 WL 2563355, 5 (M.D.Pa. June 24, 2008) (holding that Plaintiff demonstrated that he had exhausted all of his available remedies where defendants obstructed the exhaustion process and refused to provide him with materials necessary to complete the grievance process).

With respect to the one grievance Plaintiff did fully exhaust, Defendants argue that Plaintiff failed to identify any one the remaining defendants. This Court disagrees. The grievance specifically identifies "food services" (doc. no. 142-2, p. 30). Defendants include Food Services Supervisor Meta and Cook Supervisor Morant. Plaintiff's identification of "food services" was enough to put these Defendants on notice of his complaints. Moreover, it is alleged that Deputy Warden Good was the overseer of food services at SCIP. Thus, he too should have been put on notice regarding Plaintiff's claims regarding insufficient food service. See Spruill v. Gillis, 372 F.3d 218, 234-235 (3d Cir. 2004) (prisoner's failure to identify a specific medical defendant in his grievance not fatal to his case as grievance concerned lack of

medical care and prison officials were on notice that defendant was implicated in prisoner's allegations). Moreover, Defendant Meta specifically was identified in Grievance No. 51731.

Finally, the Court rejects Defendants' claim that Plaintiff may only complain about the specific instances set forth in his grievances. On April 22, 2002, Plaintiff was transferred to the RHU at SCIP where he remained until his transfer to the State Correctional Institution at Fayette on February 4, 2004. During that time period, Plaintiff alleges that his diet trays were loaded with sugar packets, sugared pastries, sugared fruit drinks, whole milk products, chocolate chip and peanut butter cookies, cakes, fried potatoes, mashed potatoes and gravy, sausage, red meats, fried potatoes and mashed potatoes covered in butter or greasy gravy. Plaintiff claims that his food trays contained these items on an ongoing basis. He filed at least five grievances with respect to the content of his food trays; he can not be expected to have filed a grievance each and every time. His failure to have filed a daily grievance does not defeat his ability to go forward in this action. An appropriate order follows.

**AND NOW**, this 4th day of November, 2008;

**IT IS HEREBY ORDERED** that Defendants' Supplemental Motion for Summary Judgment (doc. no. 141) is **DENIED**.

/s/ Lisa Pupo Lenihan
LISA PUPO LENIHAN
UNITED STATES MAGISTRATE JUDGE